**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| JEFFREY JOEL JUDY, | ) | |
| an individual, | ) | |
| | ) | **CASE NO.:** |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SC (WESTLAND PROMENADE) | ) | |
| LIMITED PARTNERSHIP | ) | |
| a Delaware Limited Partnership, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____/ | | |

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY by and through his undersigned counsel, hereby files this Complaint and sues SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP, a Delaware Limited Partnership, for injunctive relief, attorney's fees, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, (the "ADA") and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to the ADA.   This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.   This Court has supplemental jurisdiction over state law claims pursuant to 42 U.S.C. § 1367.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff is a resident of the State of Florida in Lee County. However, Plaintiff regularly travels to Miami where the Defendant's Property is located.

4.      Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee.   Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.      Defendant SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP (hereinafter referred to as Defendant) is a Delaware Limited Partnership registered to do business in the State of Florida.   Upon information and belief, Defendant is the owner of the real property and improvements, a large shopping center, which is the subject of this action, to wit: Westland Promenade Shopping Center generally located at 3890 W. 18 Ave, Hialeah, FL 33012 (the "Property). The Property includes numerous large retail stores including but not limited to HH Gregg, Sports Authority, Floor & Décor, Office Max, and many others. Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the Southern District of Florida, Miami-Dade County, Florida.

<u>COUNT I - VIOLATION OF TITLE III OF THE</u>
<u>AMERICANS WITH DISABILITIES ACT</u>

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, a large shopping center, includes numerous retails stores and restaurants. Consequently, it is a place of public accommodation subject to the ADA.

10.     MR. JUDY has visited the Property numerous times over the past two years and plans to visit the Property again in the near future during his next trip to Miami later this year.

11.     However, during these visits, MR. JUDY experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers discussed in this Complaint.

12.     Consequently, MR. JUDY was denied, and continues to be denied, the full and equal enjoyment of the goods and services offered at the Property due solely to his disability.

13.     MR. JUDY intends to and will continue to visit the Property in the future because he enjoys the shops located there.  However, he fears that he will encounter the same barriers to access which are the subject of this action.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the below architectural barriers, which were personally encountered by Plaintiff and which hindered his access to the Property:

    A.     Plaintiff encountered numerous inaccessible disabled use parking spaces throughout the Property due to excessive slopes and pavement in disrepair.

    B.     Additionally, many of the disabled use parking spaces throughout the Property have inadequately painted boundary lines due to incorrect dimensions.

    C.     Plaintiff encountered numerous inaccessible curb ramps throughout the Property due to excessive slopes, steep side flares and which failed to provide smooth transitions.

    D.     Plaintiff encountered inaccessible sidewalks and routes throughout the Property due to excessive cross slopes.

      E.      Plaintiff encountered numerous inaccessible tenant service counters that were difficult to use due to excessive height.

15.      Plaintiff has observed all publicly available exterior and interior portions of the Property. However, upon information and belief, there are other current violations of the ADA and ADA Standards at the Property, and only after a formal inspection is performed by an expert can all said violations be fully identified.

16.      To date, the discriminatory barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.      Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18.      Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.      Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

20.      The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

      A.      That this Court declares that the Property owned and operated by

DEFENDANT is in violation of the ADA;

B.      That this Court enter an Order directing DEFENDANT to alter the

Property to make it accessible to and useable by individuals with

disabilities to the full extent required by Title III of the ADA;

C.      That this Court enter an Order directing DEFENDANT to evaluate

and neutralize their policies, practices, and procedures towards

persons with disabilities for such reasonable amount of time as to

allow it to implement corrective procedures.

D.      That this Court award reasonable attorney's fees, costs (including

expert fees), and other expenses of suit, to PLAINTIFF; and

E.      That this Court award such other and further relief as it deems

necessary, just and proper.

Dated:   April 18, 2016.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
6001 NW 153rd Street, Suite 100
Miami Lakes, FL 33014
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By   */s/ Louis Mussman*_____
       Louis I. Mussman, Esq.
       (FL Bar #: 597155)
       Brian T. Ku, Esq.
       (FL Bar # 610461)